UNITED STATES, Appellee,

v.

Private E2 Hector W. GARCIA,
569–67–3957, United States
Army, Appellant.

ACMR 9102596.

U.S. Army Court of Military Review.

25 May 1993.

For Appellant: Major Fran W. Walterhouse, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of attempted distribution of methamphetamine, two specifications of conspiracy to distribute methamphetamine, absence without leave, wrongful use of methamphetamine, and three specifications of distribution of methamphetamine, in violation of Articles 80, 81, 86, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 886, and 912a (1982 and Supp. V 1987). The appellant was sentenced to a bad-conduct discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to thirty-six months and otherwise approved the adjudged sentence.

In eight related assignments of error, the appellant contends that the loss of the original record of trial requires that each signature contained in the allied papers, on the charge sheet, and on the convening authority's action be certified as authentic. Furthermore, the appellant asserts that the absence of such certification deprived his court-martial of jurisdiction to try him. We disagree.

Staff Sergeant (SSG) Anthony R. Stengel was responsible for mailing records of trial by court-martial from the Office of the Staff Judge Advocate, Fort Irwin, California, to the Clerk of Court, Army Court of Military Review. Staff Sergeant Stengel failed to mail the appellant's original record of trial, and instead kept it at his residence along with several other records of trial. He later destroyed these records and threw them into a dumpster. Staff Sergeant Stengel also altered postal records to hide his actions. When these actions were later discovered, a substitute record of trial was reconstructed from a file copy maintained by the Office of the Staff Judge Advocate and dispatched to the Office of the Clerk of Court. Pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1104(a)(2)(B) [hereinafter

R.C.M. 1104(a)(2)(B) ], the trial counsel authenticated the substitute record of trial as the military judge had been released from active duty. A certified attestation was prepared by the staff judge advocate stating that the pretrial advice, post-trial recommendation, certificate of service, request for extension, one page clemency request with a fifteen page enclosure, one page addendum to the post-trial recommendation, and the convening authority's action in the substitute record of trial were all true copies.

Rule for Courts–Martial 1104 provides in pertinent part:

(c) *Loss of record.* If the authenticated record of trial is lost or destroyed, the trial counsel shall, if practicable, cause another record of trial to be prepared for authentication. The new record of trial shall become the record of trial in the case if the requirements of R.C.M. 1103 and this rule are met.

The significance of this rule is that the substitute record of trial becomes the record of trial as if there had never been a "lost" or in this case "destroyed" record of trial. This record of trial was properly authenticated within the meaning of R.C.M. 1104(a)(2)(B) and along with certification of the staff judge advocate constitutes a record which can be brought before this court for appellate proceedings.

The appellant also contends that he was prejudiced by the delay between the convening authority's action and the receipt of the record of trial by the Office of the Clerk of Court. While we can appreciate the appellant's assertion, no relief can be granted unless the appellant can show he was prejudiced. The appellant has not alleged any specific prejudice, nor can we find any prejudice to the appellant which resulted from that delay. Therefore, relief is not available to the appellant. *See United States v. Dunbar,* 31 M.J. 70, 73 (C.M.A. 1990).

We have also considered the remaining assignments of error as well as the matter personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J.

431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.